**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114148

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Lazarao Cintron, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Monterey Financial Services, Inc. d/b/a Monterey Collections,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lazarao Cintron, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Monterey Financial Services, Inc. d/b/a Monterey Collections (hereinafter referred to as "Monterey Financial"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Lazarao Cintron is an individual who is a citizen of the State of New Jersey residing in Union County, New Jersey.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Monterey Financial Services, Inc. d/b/a Monterey Collections, is a California Corporation with a principal place of business in San diego County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 11, 2017. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

place on envelopes it sends to consumers.

19. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

20. As evidenced by "**Exhibit 1**," the Letter was a bi-fold letter that also acted as a mailing envelope.

21. The envelope stated, in red typeface, "**IMPORTANT TAX INFORMATION ENCLOSED**."

22. As evidenced by "**Exhibit 1**," the Letter does not include "Important Tax Information."

23. Instead, the Letter advises Plaintiff that he can use his tax refund to pay Defendant.

24. Defendant's placement of "**IMPORTANT TAX INFORMATION ENCLOSED**" on the Letter is a patent violation of Section § 1692f.

25. Defendant's placement of "**IMPORTANT TAX INFORMATION ENCLOSED**" on the Letter is a patent violation of Section 1692f(8).

26. For the foregoing reasons, the letter violates 15 U.S.C. § 1692f.

27. For the foregoing reasons, the letter violates 15 U.S.C. § 1692f(8).

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e(9)

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. Section 1692e(9) prohibits the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

30. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," simulates a document authorized by the Internal Revenue Service and/or the New Jersey Division of Taxation.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," simulates a document issued by the Internal Revenue Service and/or the New Jersey Division of Taxation.

32. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," simulates a document approved by the Internal Revenue Service and/or the New Jersey Division of Taxation.

33. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," creates a false impression that it is from Internal Revenue Service and/or the New Jersey Division of Taxation.

34. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," creates a false impression that it is authorized by Internal Revenue Service and/or the New Jersey Division of Taxation.

35. The Letter, because of the statement "**IMPORTANT TAX INFORMATION ENCLOSED**," creates a false impression that it is approved by Internal Revenue Service and/or the New Jersey Division of Taxation.

36. For the foregoing reasons, the letter violates 15 U.S.C. § 1692e(9).

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e and 1692e(10)

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. The least sophisticated consumer would likely believe that the placement of "**IMPORTANT TAX INFORMATION ENCLOSED**" on the Letter meant that the Letter was from the Internal Revenue Service and/or the New Jersey Division of Taxation.

42. The least sophisticated consumer would likely believe that the placement of "**IMPORTANT TAX INFORMATION ENCLOSED**" on the Letter meant that the Letter was a legitimate notification of tax information.

43. The least sophisticated consumer would likely be deceived by the Letter.

44. The least sophisticated consumer would likely be deceived in a material way by the Letter.

45. The least sophisticated consumer would likely be deceived into believing that the Letter was from the Internal Revenue Service and/or the New Jersey Division of Taxation.

46. The least sophisticated consumer would likely be deceived into believing that the Letter was a legitimate notification of tax information.

47. For the foregoing reasons, the Letter violates 15 U.S.C. § 1692e.

48. For the foregoing reasons, the Letter violates 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

49. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey from whom Defendant attempted to collect a consumer debt using an envelope that stated, "**IMPORTANT TAX INFORMATION ENCLOSED**," from one year before the date of this Complaint to the present.

50. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

51. Defendant regularly engages in debt collection.

52. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using an envelope that stated, "**IMPORTANT TAX INFORMATION ENCLOSED**."

53. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

55. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

56. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: September 26, 2017

          **BARSHAY SANDERS, PLLC**

          By: _/s/ *Melissa Pirillo*_____
          Melissa Pirillo, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          dbarshay@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 114148

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

7