**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAZARAO CINTRON, | Civil Action No.: 2:17-cv-11537 |
| Plaintiff, | |
| v. | OPINION |
| MONTEREY FINANCIAL SERVICES, INC., | |
| Defendant. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on Defendant Monterey Financial Services, Inc.'s ("Defendant") motion to dismiss Plaintiff Lazarao Cintron's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). In the alternative, Defendant's motion seeks to compel arbitration of Plaintiff. (*Id.*). Pursuant to Federal Rule of Civil Procedure 78(b), no oral argument was heard. For the reasons set forth below, Defendant's motion is granted in part and denied in part as moot, the parties are directed to proceed with arbitration, and the Court dismisses this matter.

### II. BACKGROUND

This dispute arises out of a Retail Installment Contract between Plaintiff and third party Achieve Today, wherein Achieve Today provided Plaintiff with credit "for personal, family or household purposes" (the "Contract" or the "Debt").[1] (ECF No. 1 ¶ 11). Sometime after signing

---

[1] Plaintiff does not include a copy of the Contract as an attachment to his complaint; however, Defendant has provided a copy of the Contract as an attachment to its motion to dismiss. (ECF No. 6-3 at 6-9). On a motion to compel arbitration, however, the Court may consider "the face of a complaint, and documents relied upon in the complaint." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (citations omitted). Here, despite Plaintiff's contentions, (ECF No. 14 at 8-14), Plaintiff's complaint explicitly relies on the Contract. (ECF No. 1 ¶ 13 ("Thereafter . . . the Debt was assigned or otherwise transferred to Defendant for

the Contract, "Plaintiff fell behind on payments owed" and "[t]hereafter . . . the Debt was assigned or otherwise transferred to Defendant." (*Id.* ¶¶ 12-13).

The Contract contains an Agreement for Dispute Resolution (the "Arbitration Agreement"), which states in relevant part that:

> At the election of either "you" or "us" (both defined below), any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to (i) this Agreement, (ii) your transaction involving us, or (iii) Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved exclusively and finally by binding arbitration under the Consumer Arbitration Rules of the American Arbitration Association ("AAA") in effect on the date a demand for arbitration is made. A copy of these rules may be obtained from the AAA website at www.adr.org.
>
> **ARBITRATION WITH RESPECT TO A CLAIM IS BINDING AND NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM THROUGH A COURT.**
>
> Claims made and remedies sought as part of a class action, private attorney general or other representative action (hereafter all included in the term "class action") are subject to arbitration on an individual basis, not on a class or representative basis. The arbitration will not determine any class claims and will not be consolidated with any other arbitration proceedings.
>
> . . . .
>
> For purposes of this arbitration provision, "you" includes you and anyone or any entity who has a shared interest with you in your transaction with us, and any of your agents, beneficiaries or assigns; and "we" or "us" includes our employees, parents, subsidiaries, affiliates, beneficiaries, agents and assigns, and to the extent included in a proceeding in which we are a party, our service providers.

(ECF No. 6-3 at 8). Plaintiff's electronic signature appears on both the third and fourth pages of the Contract, one after the credit agreement portion of the Contract, and one after the Arbitration Agreement portion of the Contract. (*Id.* at 8-9).

---

collection.")). As such, the Court will properly consider the Contract with Defendant's motion to compel arbitration.

On November 10, 2017, Plaintiff brought a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") for Defendant's alleged attempt at collecting the Debt in violation of such statute. (ECF No. 1). In response, Defendant filed a motion to dismiss Plaintiff's complaint or in the alternative, compel arbitration. (ECF No. 6). With respect to Defendant's motion to compel arbitration, Plaintiff challenges the validity of the Arbitration Agreement on the bases that: (1) the Contract contains an electronic signature rather than a printed signature; and (2) the two electronic signatures on the third and fourth pages of the Contract contain the same timestamp.[2] The Court will address each of Plaintiff's contentions below.

### III. LEGAL STANDARD

#### A. The Presumption of Arbitrability

There is a strong federal policy in favor of arbitration rooted in the Federal Arbitration Act ("FAA"). *See, e.g., Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177-78 (3d Cir. 2010). Indeed,

---

[2] Plaintiff does not appear to dispute that his claims are within the scope of the Arbitration Agreement. Even if Plaintiff were to raise such dispute, however, the Arbitration Agreement explicitly states that "any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to . . . Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved exclusively and finally by binding arbitration under the Consumer Arbitration Rules of the American Arbitration Association ("AAA") in effect on the date a demand for arbitration is made." (ECF No. 6-3 at 8). Therefore, such dispute would be one for the arbitrator to decide. Moreover, the Court also notes that the Arbitration Agreement states that "any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to (i) this Agreement [or] (ii) your transaction involving us . . . shall be resolved exclusively and finally by binding arbitration under the Consumer Arbitration Rules of the American Arbitration Association ("AAA") in effect on the date a demand for arbitration is made." (*Id.*). As discussed above, Plaintiff's claims are brought exclusively under the FDCPA for Defendant's alleged attempt at collecting the Debt in violation of such statute. (ECF No. 1). As the Debt is undoubtedly related to the Contract, which encompasses the Arbitration Agreement, *see supra*, any argument to the contrary would be without merit. Plaintiff also does not appear to contest that the Arbitration Agreement applies as between Plaintiff and Defendant pursuant to Achieve Today's assignment of the Contract to Defendant. (ECF No. 1 ¶ 13).

3

the "[FAA] reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'" *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (citations omitted). In considering the validity of an arbitration agreement, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). As such, a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

### B. Motion to Compel Arbitration

Even in light of the strong federal presumption of arbitrability, arbitration is "strictly a matter of contract," and therefore state law is applied. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999). "If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Id.* at 444. Thus, in deciding whether a party may be compelled to arbitrate under the FAA, a court must first consider "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (citations omitted).

As to the first consideration, a district court "must initially decide whether the determination is made under [Federal Rule of Civil Procedure] 12(b)(6) or 56." *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard is appropriate where "it is apparent, based on the 'face of a complaint, and documents relied upon in

4

the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" *Guidotti*, 716 F.3d at 776 (citations omitted).

The Rule 56 standard is appropriate where: (1) "'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774. Summary judgment under Rule 56 is appropriate if the record demonstrates that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

## IV. DISCUSSION

### A. Standard of Review

As a threshold matter, the Court must determine which standard of review governs Defendant's motion. In this case, although the existence of an agreement to arbitrate is apparent from the documents relied upon in Plaintiff's complaint, Plaintiff comes forth with more than a mere "naked assertion" that such an agreement did not exist. Accordingly, the Rule 56 standard governs. Under Rule 56:

> [A] "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party asserting that there is a genuine dispute of material fact must support that assertion by "citing to particular parts of . . . the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." In evaluating the motion, "the court must draw all reasonable inferences

5

in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."

*Guidotti*, 716 F.3d at 772 (citations omitted). The parties put forth the relevant documents for the Court's consideration, therefore, the Court will consider Defendant's motion on the existing record.

### B. Validity of the Arbitration Agreement

Plaintiff first challenges the validity of the Arbitration Agreement on the basis that the Contract contains an electronic signature rather than a printed signature. Under New Jersey law, "[a] record or signature may not be denied legal effect or enforceability solely because it is in electronic form." N.J. Stat. Ann. § 12A:12-7. Plaintiff's contention that "there are grounds to question the veracity of th[e Arbitration A]greement" because while some documents attached to Defendant's motion to dismiss contain Plaintiff's printed signature, the Contract only contains Plaintiff's e-signature, (ECF No. 14 at 18), is therefore without merit. Indeed, "[t]he fact that this was an electronic rather than a physical signature does not create a genuine dispute of fact as to whether [Plaintiff] signed the agreement." *Gomez v. Rent-A-Ctr., Inc.*, No. 18-1528, 2018 WL 3377172, at *3 (D.N.J. July 10, 2018).

Plaintiff next questions whether the Arbitration Agreement is valid because the two electronic signatures on the third and fourth pages of the Contract contain the same timestamp. In other words, Plaintiff avers that Defendant's motion to compel arbitration should be denied because "there would at least be a triable question of fact as to whether the 'e-sign' notations were affixed after Plaintiff read the credit agreement alone, or, after he had read the alleged [A]rbitration [A]greement." (ECF No. 14 at 18).

"As a matter of both federal and state law, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"

6

*Fave v. Neiman Marcus Grp.*, No. A-1805-13T2, 2014 WL 1884337, at *4 (N.J. Super. Ct. App. Div. May 13, 2014) (citations omitted). As such, "basic contract principles [are used] to interpret an arbitration clause," including the principle that "[f]ailing to read a contract does not excuse performance unless fraud or misconduct by the other party prevented one from reading." *Id.* at *4-5 (citations omitted). Applying basic contract principles, the Court finds Plaintiff's aforementioned argument without merit. "Failing to read a contract does not excuse performance unless fraud or misconduct by the other party prevented one from reading." *Id.* (citations omitted). Here, Plaintiff provides no accusation of fraud or misconduct, and thus the Court finds that regardless of whether Plaintiff signed the Contract before or after he read both the credit agreement portion and the Arbitration Agreement portion of the Contract, the Contract is valid. Accordingly, the Court finds that the Arbitration Agreement is enforceable and Defendant's motion will be granted with respect to arbitration.[3]

---

[3] Having found that the Arbitration Agreement is enforceable, the Court need not consider whether Plaintiff fails to state a claim upon which relief may be granted under the FDCPA. That is, the Court need not consider whether Defendant is a "debt collector" under the FDCPA, as such issue is one which should be raised before the arbitrator. Accordingly, that aspect of Defendant's motion to dismiss will be denied as moot.

The Court also notes that the parties disagree as to whether Plaintiff's class allegations survive dismissal. (ECF Nos. 6-1 at 7-8; 14 at 19; 15 at 6). The Arbitration Agreement, however, states that: "Claims made and remedies sought as part of a class action, private attorney general or other representative action (hereafter all included in the term "class action") are subject to arbitration on an individual basis, not on a class or representative basis. The arbitration will not determine any class claims and will not be consolidated with any other arbitration proceedings." (ECF No. 6-3 at 8). Accordingly, the Court finds that no claims remain before the Court and will dismiss this matter. *See Seus v. John Nuveen & Co.*, 146 F.3d 175, 179 (3d Cir. 1998) ("If a party to a binding arbitration agreement is sued in a federal court on a claim that the plaintiff has agreed to arbitrate, it is entitled under the FAA to a stay of the court proceeding pending arbitration, Section 3, and to an order compelling arbitration, Section 4. If all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it.").

## V.     CONCLUSION

For the foregoing reasons, Defendant's motion is granted in part and denied in part as moot, the parties are directed to proceed with arbitration, and the Court dismisses this matter. An appropriate Order follows this Opinion.

DATED: October 10, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**